**JOHNSON v. SANFORD.**

No. 12214.

Circuit Court of Appeals, Fifth Circuit.

May 4, 1948.

Rehearing Denied May 28, 1948.

Rubein V. Johnson, in pro per.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

PER CURIAM.

The appellant was convicted in 1944 in Louisiana. He now seeks release on habeas corpus because women were intentionally and systematically excluded from the juries, both grand and petit, whereby he contends he did not have a constitutional indictment or trial.

It put strain enough on the Constitution to hold that Negroes are entitled to have Negroes put in the jury boxes. It is too much to hold that men have a constitutional right to have women jurors. By the common law juries not so constituted. The statute law of the United States is that jurors in the federal courts shall have the same qualifications and exemptions as those in the highest law court in the State where the court sits; 28 U.S. C.A. § 411; and the Constitution of Louisi-

ana, Art. VII, Sec. 41, provides that no woman shall be drawn for jury service unless she shall have filed with the Clerk a written declaration of her desire to be subject to such service. There is no proof of any such declarations having been filed. Women are not here claiming any discrimination against them either as jurors or defendants. In Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181, a woman was a defendant, a challenge to the array was timely made, and women were eligible generally for jury service in the State courts. We decline to hold that the statute of the United States above cited, and the Constitution of Louisiana, are contrary to the Constitution of the United States.

Judgment affirmed.