Jack **HANRATTY** and Ellen Elizabeth **POOL**

v.

**UNITED STATES of America.**

No. 15106.

United States Court of Appeals
Fifth Circuit.

Jan. 25, 1955.

Rehearing Denied Feb. 24, 1955.

W. W. Palmer, Herbert Oliver, Manuel C. Gonzales, San Antonio, Tex., Pete Tijerina, Manuel V. Lopez, Jr., San Antonio, Tex., on the brief, for appellants.

Bradford F. Miller, Asst. U. S. Atty., San Antonio, Tex., Charles F. Herring, U. S. Atty., Austin, Tex., for appellee.

Before BORAH and TUTTLE, Circuit Judges, and DAWKINS, District Judge.

TUTTLE, Circuit Judge.

Appellants were convicted of (1) conspiring to transport forged securities in interstate commerce, and (2) causing to be so transported a falsely made and forged security, namely a $400 cashier's check. The grounds of this appeal are that appellants maintain that there was no substantial evidence to support the verdict, and a verdict of acquittal should have been directed; and that appellants were deprived of a fair trial because women were excluded from the jury.

The evidence against the appellants was briefly as follows: Hanratty, owner of a San Antonio bar, had in his possession a package of checks printed by a San Antonio printer, one of which was later filled in and transported in interstate commerce in bank clearance. The checks purported to be cashier's checks in blank on the First National Bank of Tulsa, Oklahoma, a fictitious bank. The Federal Reserve identification number printed on the checks was that of the Alamo National Bank of San Antonio, where appellant Pool was employed. Hanratty asked witness Scoggin, also an employee of the Alamo Bank, to make up and fill out the checks, saying he wanted to "flash" them in connection with his gambling activities. Scoggin partly filled out the checks with typewriter making up fictitious names of payees, and signed a signature purporting to be that of a bank officer on them. Hanratty sent another witness out to obtain a check writing machine or protector, capable of putting the perforated, printed amounts on the checks which later appeared on one of them. The same witness testified that Hanratty took the check protector to the kitchen of his bar and locked it up and that Granato, a codefendant who did not appeal his conviction, was seen to spend long hours in Hanratty's kitchen after the check protector was obtained. About the same time Hanratty sent out a witness to purchase a genuine $5.00 cashier's check from the Alamo Bank. Hanratty also asked two witnesses for blank cashier's checks of the Alamo Bank, where they were employed, and they refused to give them to him. All three defendants in the prosecution below frequently associated together at Hanratty's bar. Granato asked one witness how to identify a bad cashier's check, stating that he was in possession of several cashier's checks. Appellant Pool actually had the $400 check cashed at the Alamo Bank. A witness testified that she warned Pool that she thought the check was "not any good" a few minutes before Pool cashed it. At the time of cashing it, Pool told the teller she had known the payee three months, but at trial she said she had met him a few days before in a drug store. This payee was said by an earlier witness to be a fictitious person whose name she invented. The check actually cashed was one of the packages of printed checks in Hanratty's possession.

We think the convictions should be affirmed. There was abundant circumstantial evidence of a conspiracy and actual commission of the substantive crime by the appellants. The jury was given a charge as to circumstantial evidence more favorable to defendants than the charge to which they were entitled. Holland v. United States, 75 S.Ct. 127. As to the contention that the convictions should be reversed because women were excluded from the jury, this argument seems utterly without substance, both because not timely objected to, and

**360**

because such exclusion did not deprive appellants of any procedural right either under statute or the Constitution. Frazier v. United States, 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187; Johnson v. Sanford, 5 Cir., 167 F.2d 738; Quinones v. United States, 1 Cir., 161 F.2d 79, certiorari denied 331 U.S. 833, 67 S.Ct. 1513, 91 L.Ed. 1846; 28 U.S.C. §§ 411, 412* Vernon's Ann.Texas Civ. Statutes, Art. 2133; Glover v. Cobb, Tex.Civ.App., 123 S.W.2d 794.

The judgments are
Affirmed.