Oscar PENN, Frank Penn, and W. E. Penn, Appellants,

v.

Seldon R. GLENN, Former Collector of Internal Revenue, and William M. Gray, District Director of Internal Revenue, Appellees.

No. 13719.

United States Court of Appeals
Sixth Circuit.

April 28, 1959.

Walter B. Smith, Louisville, Ky. (Edwin A. Schroering, Jr., Louisville, Ky., on the brief), for appellants.

George F. Lynch, Dept. of Justice, Washington, D. C. (Charles K. Rice, Lee A. Jackson, I. Henry Kutz and Carolyn R. Just, Washington, D. C., J. Leonard Walker and Charles M. Allen, Louisville, Ky., on the brief), for appellees.

Before McALLISTER and MILLER, Circuit Judges, and CHOATE, District Judge.

PER CURIAM.

Appellants brought this action to recover income tax deficiencies assessed against appellants and paid by them for

the fiscal years ending the last day of February, 1947 and 1948. Judgment in favor of the taxpayers was reversed by this Court on a prior appeal. Glenn v. Penn, 6 Cir., 250 F.2d 507.

Appellants, who were growers of tobacco in Kentucky, delivered tobacco to a warehouse company for sale at auction in accordance with the usual custom of the trade. Following the sale the warehouse company would deduct certain expenses and its commission and pay the net proceeds to appellants. With respect to the taxable years in question, the sales were made during the fiscal years ending the last day of February, 1947 and 1948, but checks for the proceeds were not delivered or mailed to appellants during the fiscal years in which the sales were made, and appellants did not actually pick up or receive the checks until after March 1, the beginning of the taxpayers' next fisal year. The taxpayers filed their income tax returns on a cash basis and reported the net proceeds from the sales as income for the fiscal years in which the checks were actually received by them, instead of for the fiscal years in which the sales were made.

Taxpayers contend that by reason of a contract between them and the warehouse company, they were not legally entitled to receive such proceeds during the fiscal year in which the sales were made and that such proceeds did not constitute income to them until the checks were actually received. The Commissioner contends that the net proceeds from the sales became available to the taxpayers during the fiscal years in which the sales were made; that the taxpayers merely refrained from exercising their legal rights to receive the money until after the beginning of the next fiscal year; and that the proceeds were constructively received by the taxpayers during the fiscal year in which the sales were made. If the Commissioner's contention is upheld, the deficiency assessments should be sustained and the action dismissed.

On the first trial of this case the District Judge directed a verdict for the taxpayers, expressing the view that the evidence showed that there was a valid contract between the parties under which the taxpayers were not legally entitled to receive the proceeds from the sales until on or after March 1 following. On review this judgment was reversed, this Court holding that the issue whether there was an enforceable contract not to make the payment until March 1 should have been left to the jury for determination. Glenn v. Penn, supra, 6 Cir., 250 F.2d 507.

On the second trial of this case in which the evidence was not materially different from the evidence in the first trial, the District Judge submitted this question to the jury upon written interrogatories. The jury found in favor of the Commissioner, and the District Judge entered judgment against the taxpayers.

■ We are of the opinion that the evidence was sufficient to take this factual issue to the jury and to sustain the jury's finding.

■ Appellants' contention that the interrogatories submitted to the jury did not correctly present the issue which the jury was called upon to decide is without merit in view of the appellants' failure to make objection thereto or to offer interrogatories of their own drafting in lieu thereof. Rules 49(a) and 51, Rules of Civil Procedure, 28 U.S.C.A.; Halprin v. Mora, 3 Cir., 231 F.2d 197, 200.

The judgment is affirmed.