SAFEWAY STORES, INC., Appellant,

v.

Joseph W. DIAL, Appellee.

No. 19878.

United States Court of Appeals
Fifth Circuit.

Jan. 3, 1963.

Timothy E. Kelley, Jerry L. Buchmeyer, Dallas, Tex., George C. Chapman, Dallas, Tex., Thompson, Knight, Wright & Simmons, Dallas, Tex., of counsel, for appellant.

John B. Wilson, Jr., Dallas, Tex., Wilson & Menaker, Dallas, Tex., of counsel, for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment for $10,000.00 in favor of the plaintiff, Joseph W. Dial, against the defendant, Safeway Stores, Inc., on account of personal injuries suffered by the plaintiff when he slipped and fell in the defendant's store in Dallas, Texas. The court denied the defendant's motion for a directed verdict and submitted special issues or interrogatories to the jury.[1] When the jury first announced that it had reached a verdict, the court examined the verdict in chambers while the attorneys remained in the courtroom. Without consulting any of the attorneys and without their having seen the verdict or the jury's answers to the special interrogatories, the court, according to the defendant's "bill of exceptions,"

" * * * returned to the Bench in open Court with the jury and both attorneys and parties present and stated to the jury substantially as follows:

" 'Ladies and Gentlemen of the Jury: I have read your verdict and find that your answers to the Special Issues are in conflict. I am therefore going to ask you to return to the jury room and deliberate further on your verdict. I direct your attention especially to the Court's definition of ordinary care and negligence and direct your attention to your answers to Special Issue Nos. 1, 2, 3, 6, 7, 9 and 12 and your failure to answer Special Issue No. 4.'

"Whereupon one of the jurors (the foreman) asked the Court to repeat her instructions or to repeat the numbers of the Special Issues involved, and the Court reiterated that the jury was to consider issues numbered 1, 2, 3, 6, 7, 9 and 12, and their failure to answer Special Issue No. 4."

The "bill of exceptions" approved by the court recites further:

"No objections were raised. After advising the jury as outlined * *, the Court then handed the verdict to

---

1. See Rule 49(a), Federal Rules of Civil Procedure.

the marshal who in turn took the jury directly to the jury room for further deliberation. At no time was the verdict or the jury's answers thereto exhibited to the attorney for plaintiff or attorney for defendant. Again there was no objection.

"Defendant's attorney made no objection to the Court's failure to exhibit the verdict and the jury's answers thereto to the attorneys. No objection was raised until after judgment had been entered in favor of plaintiff when defendant's attorney for the first time discovered the jury's answers as first returned. At that time the attorney consulted with the Court, affirmed the jury's answers as outlined in the * * * Bill of Exceptions plus its Amended Motion for Judgment, or in the alternative for a new trial.

"* * * the jury's answers to the issues when the verdict was first returned [are] set forth * * * according to the recollection of the Court and further according to an examination of the original verdict. The original verdict clearly shows some erasures. It cannot be known, of course, when such erasures were made or whether or not there were other answers which were erased which are now illegible. It cannot be known whether the Court's recollection is correct, there having been no record made. There was no request by either counsel for a record, nor any objection to the reporter's absence."

The special issues most pertinent to this appeal, the jury's answers to such issues when the verdict was first returned (stated according to the recollection of the Court with the caveat which has been quoted from the "bill of exceptions"), and the jury's answers to such issues when the verdict was accepted by the court may be tabulated as follows:

| Special Issues | Jury's Answers When Verdict First Returned | Jury's Answers When Verdict Accepted by Court |
|---|---|---|
| "Special Issue No. 1. "Do you find from a preponderance of the evidence that at the time and on the occasion in question there was glass in the aisle of the Safeway Store in question at the place where Joseph W. Dial fell? "Answer 'yes' or 'no.'" | "Yes" | "Yes" |
| "If you have answered special issue No. 1 'yes,' then answer special issue No. 2. Otherwise do not answer special issue No. 2. | | |
| "Special Issue No. 2. "Do you find from a preponderance of the evidence that the agents, servants, or employees of the Safeway Store in question knew that such glass, if any, was in the aisle, if you have so found in answer to special issue No. 1? "Answer 'yes' or 'no.'" | "No" | "Yes" |
| "If you have answered special issue No. 2 'no,' then answer special issue No. 3. Otherwise, do not answer special issue No. 3." | | |

| Special Issues | Jury's Answers When Verdict First Returned | Jury's Answers When Verdict Accepted by Court |
|---|---|---|
| **"Special Issue No. 3.** "Do you find from a preponderance of the evidence that such glass, if any you have found was in the aisle, in answer to special issue No. 1, had been there for a sufficient length of time to have been discovered by the agents, servants, or employees of the Safeway Store in question in the exercise of ordinary care? "Answer 'yes' or 'no.' " | "No" | "Unanswered" |
| "If you have answered special issue No. 2 or 3, 'yes,' then answer special issue No. 4. Otherwise, do not answer special issue 4. | | |
| **"Special Issue No. 4.** "Do you find from a preponderance of the evidence that the failure of the agents, servants, or employees of the Safeway Store in question to remove the glass, if any, was negligence? "Answer 'yes' or 'no.' " | "Unanswered" | "No" |
| &ast; &ast; &ast; &ast; &ast; | | |
| **"Special Issue No. 6.** "Do you find from a preponderance of the evidence that just before the occurrence in question, the agents, servants or employees of the Safeway Store in question failed to inspect the aisle where Joseph W. Dial fell? "Answer 'yes' or 'no.' " | "Yes" | "Yes" |
| "If you have answered special issue No. 6 'yes,' then answer special issue No. 7. Otherwise, do not answer special issue No. 7. | | |
| **"Special Issue No. 7.** "Do you find from a preponderance of the evidence that such failure to inspect, if you have so found in answer to special issue No. 6, was negligence? | "No" | "Yes" |
| "If you have answered special issue No. 7 'yes,' then answer special issue No. 8. Otherwise, do not answer special issue No. 8. | | |
| **"Special Issue No. 8.** "Do you find from a preponderance of the evidence that such negligence if you have so found in answer to special issue No. 7, was a proximate cause of the injury, if any, of Joseph W. Dial? "Answer 'yes' or 'no.' " | "Unanswered" | "Yes" |
| &ast; &ast; &ast; &ast; &ast; | | |

Upon appeal, the defendant urges four claimed errors: (1) The court erred in overruling defendant's amended motion to set aside judgment and to render judgment for the defendant, or in the alternative for a new trial, because the jury's original answers entitled the defendant to judgment in its favor; (2) the court erred in overruling defendant's motion for a directed verdict, its motion for judgment n. o. v., or its motion for new trial, because there was no evidence or insufficient evidence of negligence on the part of defendant; (3) the court erred in overruling defendant's motion for judgment notwithstanding the verdict or for a new trial because issues 6, 7 and 8 placed an improper duty of care upon defendant and were erroneously submitted; and (4) the court erred in overruling defendant's motion for judgment on the verdict, or in the alternative for judgment disregarding the jury's answers to special issues 6, 7 and 8, or in the further alternative for judgment notwithstanding the verdict of the jury, or in the further alternative for a mistrial, because the jury's answers in their second verdict were in conflict.

### 1. First Verdict

■ As the "bill of exceptions" recites, the contents of the jury's verdict as first returned are now uncertain, and the district court's recollection may or may not be correct. It is not possible at this time to determine with positive assurance that the defendant was entitled to judgment on the answers first returned. Both parties chose to speculate, and to rely on the court's unaided conclusion that the jury's answers were in conflict. Without examining the answers, both parties, in practical effect, consented to the court's ruling. Having failed to object at the time, and the contents of the verdict as first returned being so uncertain, the defendant cannot

later complain of the court's action in returning the jury to reconsider its verdict. See Rules 46 and 51, Federal Rules of Civil Procedure.[2]

### 2. Sufficiency of Evidence of Negligence.

The defendant relies on the familiar principals that it is not an insurer of the safety of its customers, that the mere fact that a customer slips and falls is no evidence of negligence, and that the burden rests on the plaintiff to prove: (1) that the defendant was responsible for the glass being on the floor, or (2) that it had been on the floor for such a period of time that it would have been discovered and removed had the defendant exercised due care.[3]

The plaintiff does not dispute the validity of those principles, but insists that the evidence was sufficient from which the jury could find that the defendant owed a duty of inspecting and sweeping the floor and failed to perform that duty, with the result that the broken glass was left on the floor.

■ The plaintiff was injured while shopping in a large "super market" where hundreds of items are displayed on shelves to attract the attention of the customer to the end that many of the items may be loaded in the shopping cart pushed by the customer. The accident occurred shortly before five o'clock on Sunday afternoon, at a time when the package boy then charged with the duty of sweeping admitted that he had not got to the place where plaintiff fell. Just after the plaintiff's fall he swept up a few pieces of glass, "maybe not quite a hand full," the larger ones about the size of nickels and most of the pieces smaller. The plaintiff was in the drug department of the store looking for tooth paste. The store manager conceded that bottles sometimes got knocked off the drug

**2.** Compare 66 C.J.S. New Trial § 203, on the subject "A new trial may be granted by consent of the parties if appropriate grounds for a new trial exist."

**3.** See Great Atlantic & Pacific Tea Co. v. Giles, Tex.Civ.App., Dallas, 1962, 354 S.W.2d 410, 412; S. H. Kress & Co. v. Telford, 5 Cir., 1957, 240 F.2d 70, 73.

shelves; that for six days of the week it was a porter's duty to inspect the aisles regularly to see whether anything needed cleaning up; that the porter did not work on Sunday and the duties of inspection and sweeping were then assumed by a package boy. We conclude that there was substantial evidence from which the jury could conclude that the defendant negligently failed to inspect and keep the floor free from broken glass.

### 3. *Special Issues 6, 7 and 8.*

■ In the verdict accepted by the court the jury answered "yes" to special issues 6, 7 and 8 concerning the failure to inspect the aisle "just before the occurrence in question." The defendant now complains that those issues placed on it too high a degree of care, almost that of an insurer. However, the defendant failed to object that the interrogatories did not correctly present the issues which the jury was called upon to decide, and hence it has not preserved this question for review.[4]

### 4. *Consistency of Jury's Answers in Verdict as Accepted.*

The defendant urges that in the verdict as accepted by the court the answers to issues 6, 7 and 8 are in irreconcilable conflict with the answers to issues 1, 2 and 4; because in answer to issues 1, 2 and 4, the jury found there was glass on the floor, that defendant had knowledge of the fact, but that its failure to remove the glass was not negligence, while in answer to issues 6, 7 and 8, the jury found that the failure to inspect was negligence and a proximate cause of plaintiff's injury.

■ This Court "has many times held that the Court is compelled to reconcile apparently contradictory, conflicting answers if this may be accomplished." R. B. Company v. Aetna Insurance Company, 5 Cir., 1962, 299 F.2d 753, 759, and cases there collected. Our latest case on the subject, Jefferson v. Taiyo Katun, K.K., et al., 5 Cir., 310 F.2d 582, quotes from Atlantic & Gulf Stevedores v. Ellerman Lines, 1962, 369 U.S. 355, 364, 82 S.Ct. 780, 7 L.Ed.2d 798, as follows:

> "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way. For a search of one possible view of the case which will make the jury's finding inconsistent results in a collision with the Seventh Amendment."

■ When the interrogatories are read literally and construed in the light of the record, there is no real conflict between the answers. In issues 1, 2 and 4, the intention was, of course, to inquire about the defendant's knowledge of the glass on the floor at a time before the plaintiff slipped and fell. The actual inquiry, however, related to "at the time and on the occasion in question." The jurors, untrained in law, could easily have construed the inquiry to relate to knowledge obtained immediately after the fall. In answer to issues 6, 7 and 8, the jury found that the defendant failed to inspect the aisle, that such failure was negligence, and was a proximate cause of plaintiff's injury. Those findings are consistent with defendant's knowledge, immediately after the accident, that glass was in the aisle. Thus, the answers to issues 1, 2 and 4 are not necessarily in conflict with the answers to issues 6, 7 and 8.

Finding no reversible error, the judgment is

Affirmed.

---

4. Rules 49(a) and 51, Federal Rules of Civil Procedure; Halprin v. Mora, 3 Cir., 1956, 231 F.2d 197, 201; Penn v. Glenn, 6 Cir., 1959, 265 F.2d 911, 913.