L. Clayton RIVERS, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 24093.

United States Court of Appeals Fifth Circuit.

Oct. 30, 1967.

Joseph J. Rey, El Paso, Tex., Weldon H. Berry, Houston, Tex., for appellant.

Mario J. Martinez, Harry Lee Hudspeth, Asst. U. S. Attys., Ernest Morgan, U. S. Atty., El Paso, Tex., for appellee.

Before BELL, COLEMAN and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant was convicted by a jury of causing to be transported in interstate commerce a falsely made and forged bank check, 18 U.S.C.A. § 2314. He was sentenced to imprisonment for 18 months, of which 13 months was probated. He has served the five months.

Appellant now says that the evidence was insufficient to prove that he caused the prohibited transportation and thus his motions for a directed verdict of acquittal should have been granted.

The facts, in summary, are as follows: Mr. Rivers first cashed a check similar to the one on which he was convicted and was thereafter promptly notified that the rubber stamp signature on that check was unauthorized. He then tendered another check, bearing the same rubber stamp signature, to a bank in El Paso for payment. This bank telephoned the New Mexico bank upon which the check was purportedly drawn, found that the signature was unauthorized, and so advised him. Moreover, the person whose purported signature appeared on the check telephoned appellant and warned him that the rubber stamp signature was unauthorized. One day later, appellant gave the check here in issue, previously tendered to the El Paso bank, in a sealed envelope to an individual. Thereafter, he called her on the telephone to demand the proceeds of the check and remonstrated with her for taking the check to a bank to be paid rather than getting it cashed at an establishment of some other kind.

The false and forged check was drawn on the First National Bank of Anthony, New Mexico, then out of business, but the proof shows that all the parties, including this appellant, knew that checks drawn on that bank would be paid by the First National Bank of Dona Ana County, New Mexico, in fact the same banking entity. There is nothing in this of advantage to the appellant.

Under the facts herein recited we are convinced that the jury was well within its province when it found beyond a reasonable doubt that appellant knew the bank check was false and forged and that he knowingly caused it to be placed in transit to a cashing or depositing entity, thence to the drawee bank in another state. This case is very much like Hanratty v. United States, 5 Cir., 1955, 218 F.2d 358, and the judgment is

Affirmed.