**Louise ABERNATHY, Ind., and as next Friend of Lowell K. Abernathy, a Minor, Plaintiff-Appellee,**

v.

**SOUTHERN PACIFIC COMPANY, Defendant-Appellant.**

**No. 28434.**

United States Court of Appeals, Fifth Circuit.

May 12, 1970.

Rehearing Denied June 5, 1970.

CLARK, Circuit Judge.

This diversity action arises from an automobile-train crossing collision in which plaintiff's husband, who was driving the car, was killed and her son, the sole passenger, was injured. A jury trial resulted in a verdict in favor of Mrs. Abernathy against Southern Pacific Railroad totaling 115,000 dollars on her own behalf and 55,000 dollars for her son. Finding no reversable error in the legal and evidentiary process by which the liability of Southern Pacific was determined by the jury, we affirm, subject to remittitur of certain amounts awarded to Mrs. Abernathy and her son for his personal injuries.[1]

The critical issue is Southern Pacific's objection to the jury's adverse answer to a special interrogatory on discovered peril. Southern Pacific does not disagree with the substance of the Court's legal charge on this issue. Its objection goes to the submission of the issue to the jury at all. We conclude, however, that the trial judge correctly denied Southern Pacific's motions for directed verdict and for judgment notwithstanding the verdict. Taking all the evidence in the case, construed most favorably to Mrs. Abernathy, the facts and inferences do not point so strongly and overwhelmingly to a negative finding on this issue that reasonable men could not find otherwise. To the contrary, there was sufficient evidence to allow reasonable men to reach different conclusions, thus the issue was properly submitted to the jury. Boeing Company v. Shipman, 411 F.2d 365 (5th Cir. En Banc, 1969).

Southern Pacific claims that Texas law, which we are bound to follow, required that the engineer must have actually realized the perilous position of the Abernathy car and must have been able to avoid the collision. This correct legal abstraction begs the controverted

James C. Watson, Corpus Christi, Tex., for defendant-appellant.

Dan Sullivan, Andrews, Tex., for plaintiff-appellee.

Before THORNBERRY, DYER and CLARK, Circuit Judges.

---

1. The brevity of this opinion in this case should in no way be taken as reflecting an unconsidered decision. Rather it reaffirms our belief that when the evidence in support of a jury's verdict is sufficient to sustain the verdict, no error of law is disclosed, and an extended opinion would have no precedential value, the judgment should be affirmed in a brief opinion. Mullen v. Texas & Pac. Ry. Co., 425 F.2d 269 (5th Cir. 1970).

fact issue. The engineer testified he first saw the Abernathy car when he was 235 feet from the crossing but did not realize that Abernathy was not going to stop until the train was 100 feet from the intersection. There was testimony that the minimum stopping distance of this train was 400 feet. These facts taken together would support Southern Pacific in its contention that the engineer applied the brakes immediately upon discovering the deceased in peril but could not avoid the collision. The reason A + B does not = C for Southern Pacific is that the record shows contrary credible evidence which we are bound to weigh in favor of the jury's verdict. By the account of the other train crew members, the engineer did not apply the brakes 100 feet from the intersection but rather applied them only a split second before the collision.

■■ Even if the testimony was all to the effect that the engineer had applied the brakes 100 feet from the crossing, Southern Pacific would be met by the well settled proposition of Texas law that "a jury will not be bound by the statement of a defendant as to when he discovered the danger of plaintiff and as to the efforts made to avoid the injury." Ford v. Panhandle & Santa Fe Railway Co., 151 Tex. 538, 252 S.W.2d 561, 563 (1952); Southland Greyhound Lines, Inc. v. Richards, 77 S.W.2d 272, 273 (Tex.Civ.App.1934); Quanah, Acme & Pacific Railway Co. v. Eblen, 55 S.W.2d 1060, 1065 (Tex.Civ.App.1933). Under all of the facts in this record we simply cannot say that reasonable men could not conclude that the engineer realized the peril of the deceased in time enough to avoid the collision. See Ford v. Panhandle & Santa Fe Railway Co., supra; Gulf, Colorado & Santa Fe Railroad Co. v. Parmer, 389 S.W.2d 558 (Tex.Civ. App.1965).

Since the jury finding of discovered peril is legally sufficient to establish the liability of Southern Pacific without regard to the negligence of the deceased, only those points complaining of the form of the special interrogatories and those dealing with the instructions on damages need further examination.

■ The trial court submitted the case to the jury pursuant to Fed.R.Civ. P. 49(b) for a general verdict accompanied by special interrogatories. Southern Pacific contends that the form of the special interrogatories were defective because they were mixed questions of fact and law. Although in Texas practice a multifarious special issue would be improper, that is not necessarily the case under federal practice. Southern Pacific Railroad v. Montalvo, 397 F.2d 50, 51 (5th Cir. 1968). The trial judge is given the discretion to use special interrogatories in conjunction with a general verdict, therefore the form of the submission must likewise be within his discretion. See Loffland Brothers Co. v. Roberts, 386 F.2d 540 (5th Cir. 1967), cert. den. 389 U.S. 1040, 88 S.Ct. 778, 19 L.Ed.2d 830 (1968). Where, as here, the special interrogatories were submitted under a proper general charge, adequately tested the general verdict, did not confuse the jury and were in no way shown to have prejudiced Southern Pacific, we cannot say that the trial court abused its discretion.

■ We do, however, agree with Southern Pacific that the evidence was insufficient as a matter of law to allow Mrs. Abernathy to recover for herself and her son for future medical expense, loss of earnings, pain and suffering of the son. See, e. g., Gulf, Colorado & Santa Fe Railroad v. Parmer, supra, 389 S.W.2d at 566. The jury award did not segregate actual personal injury damages from future damages, but awarded a lump sum of 5,000 dollars to each. Accordingly we direct the trial court to enter a remittitur of the 5,000 dollars awarded Lowell Keith Abernathy for damages sustained as a result of personal injuries and 3,003.87 dollars awarded Louise Abernathy, his mother (who paid all expenses), representing the difference between medical expenses actually proved and the jury verdict for total

damages sustained by her as a result of Lowell Keith Abernathy's personal injuries.

The judgment is

Affirmed with directions.