JAMISON COMPANY, INC.,
Plaintiff-Appellee,

v.

WESTVACO CORPORATION, formerly West Virginia Pulp and Paper Company, Defendant-Appellant.

No. 74-3433.

United States Court of Appeals, Fifth Circuit.

April 15, 1976.

Dean Booth, Michael C. Murphy, Atlanta, Ga., for defendant-appellant.

Gary N. Ackerman, Edward E. Dorsey, James H. Keaten, David M. Rapp, Atlanta, Ga., for plaintiff-appellee.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion February 6, 1976, 5 Cir., 1976, 526 F.2d 923).

Before GOLDBERG and AINSWORTH, Circuit Judges, and NICHOLS,* Associate Judge.

GOLDBERG, Circuit Judge:

On petition for rehearing, plaintiff Jamison Company attacks this Court's decision ordering a new trial as to all issues. In our original opinion, we held that the jury had awarded excessive damages. Because we were unable to determine the theory of liability on which the jury premised its overly generous verdict, we did not limit our remand to a remittitur or a partial new trial.

* Of the United States Court of Claims, sitting by designation.

Jamison does not question the panel's basic finding of an excessive verdict. Instead, Jamison argues that because the jury clearly rejected defendant Westvaco's counterclaim, a new trial as to the "appropriate theory of recovery" and damages is proper only if the counterclaim is excised. In support of this contention, plaintiff refers to a verdict sheet which neither party mentioned in brief or included in the printed appendix originally reviewed by this Court. After having examined the verdict sheet, we remain unable to discern the jury-chosen basis of liability, and we certainly cannot conclude that the jury rejected the counterclaim. Therefore, plaintiff's petition is denied.

In large part, the problem with petitioner's argument results from its refusal to recognize that under the parties' contract [1] the jury could find for Westvaco on all issues, including the disputed counterclaim, and still render a monetary verdict in Jamison's favor. The contract and the judge's instruction provided that if Westvaco justifiably terminated Jamison [*i. e.* the termination was for cause], the latter could recover from Westvaco those "costs incurred which were beneficial to Westvaco, less any *excess* expense which was necessary and reasonable for Westvaco to finish the work of Jamison . . . ." [Emphasis added.] *See* 526 F.2d at 935 n. 27. As explained in footnote 27 of our original

opinion, it is not inconceivable that the jury, following this instruction, "agreed on $607,000 in beneficial costs to Westvaco . . . and also found unreasonable the excess costs for finishing the job claimed by Westvaco." Thus, the net dollar award rendered in Jamison's favor need not reflect a jury finding either that Westvaco breached its contract [*i. e.* a finding that the termination was *without* cause] or that Jamison was not liable on the counterclaim.[2]

Nor does the verdict sheet, referred to for the first time in the petition for rehearing, eliminate the confusion resulting from the absence of special interrogatories. *See* section IV, 526 F.2d at 934–35. That sheet, clearly not a substitute for Rule 49(a) questions, permitted the jury to select one of three outcomes:

We, the Jury, find for the plaintiff, Jamison Company, Inc., $___ against defendant, Westvaco Corporation, as to the main suit.

We, the Jury, find for the defendant, Westvaco Corporation, $___ against plaintiff, Jamison Company, Inc. as to the counterclaim.

We, the Jury, find for the defendant, Westvaco Corporation, against plaintiff, Jamison Company, Inc., as to the main suit, and for plaintiff, Jamison Company, Inc., against defendant Westvaco Corporation, as to the counterclaim.

---

1. *See* 526 F.2d at 925–26 n. 1.

2. Jamison's brief on rehearing states:

Since neither project was complete when Jamison Company left, the jury could not have found that no costs of completion were reasonably incurred. Thus, footnote 27 is unnecessarily founded upon a premise that the jury directly disobeyed the lower court's charge.

Contrary to counsel's statement, the trial judge did not instruct that all reasonable and necessary expenses were chargeable to Jamison in the event of termination *with* cause and recovery on the counterclaim. Instead, the trial court told the jury to include only reasonably and necessarily incurred "*excess*" expenses [*i. e.* those expenses in excess of the contract price]. The jurors may well have rejected the reasonableness of part or all of

Westvaco's claim to $1,184,376 in excess costs, as indeed Jamison's counsel urged them to do.

Moreover, the possibility that the jury found termination *with* cause and liability on the counterclaim does not require that we assume a jury award of no damages on the counterclaim. For example, the jury might have found $707,000 beneficial costs [under the termination *with* cause clause] and $100,000 excess costs of completion reasonably incurred [under the counterclaim]. Admittedly, a verdict including $707,000 in beneficial costs exceeds the evidence at trial. But in this case, appellate speculation about such a figure is not unreasonable since even Jamison does not question our basic finding that the jury's verdict was excessive under *any* theory of liability.

The jury, choosing the first alternative, filled in the blank for $607,000. However, this action does not inform us of the grounds for the jury's verdict. The first section could easily encompass liability on a theory of 1) termination *without* cause, 2) termination *with* cause (with a possible offset for the defendant's counterclaim, see discussion *infra*) or 3) settlement. Under the judge's instruction, the jury might have viewed any one of these three theories as the "main suit" and, absent special interrogatories, had no need to distinguish among them.

The second section of the verdict sheet purported to cover the possibility that the jury would find for Westvaco on the counterclaim. One might argue that had the jurors intended to award Jamison damages pursuant to the termination *with* cause theory and also to hold for Westvaco on the counterclaim (a totally plausible outcome[3] and one with respect to which the judge had earlier instructed the jury), they would have marked both the first and second verdict choices. However, the judge also informed the jury that if they determined Westvaco entitled to recover on the counterclaim, they should "forget about this first section up here, the verdict for the plaintiff. . . ."[4] Thus, in order to communicate a termination *with* cause/coun-

terclaim disposition while marking only one section, the jury logically might have netted the damages determined under these two theories (as was suggested by the judge's prior instruction, *see* 526 F.2d at 935 n. 27) and then written this netted figure in the first section's blank space. We cannot be certain that this account accurately represents the jury's intention in responding as it did. In order to require retrial as to all issues, however, we need only conclude that the above presents a rational explanation for the jury's action. As Judge Spottswood Robinson said in a similar situation:

> Whether these or other possible consequences actually followed the handling of the matter is something we will never know. It is enough, however, that one or more may have; and viewing the situation realistically, we cannot confidently say that none did. *Camalier & Buckley-Madison, Inc. v. Madison Hotel, Inc.*, 1975, 168 U.S. App.D.C. 149, 513 F.2d 407, 422.

*See also Arkla Exploration Co. v. Boren*, 8 Cir. 1969, 411 F.2d 879, 881. Finally, the verdict sheet's third alternative not only complicated the jury's understanding of the available options but also further obscured our ability to discover the verdict's decisional basis.[5]

---

3. A finding that the termination was for cause requires that Westvaco, pursuant to its counterclaim, recover any reasonable and necessary excess expenses incurred in completing Jamison's contracts. *See* 526 F.2d at 925–26 n. 1 & 935 n. 27. This fact makes questionable a retrial limited to the "main suit" theories of liability including termination *with* cause without also permitting reconsideration of the counterclaim issue.

4. Jury confusion also might have resulted from the trial court's failure in using the verdict form to distinguish explicitly between the question of breach of contract and the question of money damages. As noted previously, an award of damages to Jamison does not require a finding "for the plaintiff" with respect to the issue of whether or not Westvaco breached its agreement.

5. There are several problems with this third alternative. For instance, reflecting the erro-

neous assumption that no damages could result if the jury found for Westvaco on the main suit and Jamison on the counterclaim, the third section contained no blank space for ascertainment of damages. Apparently, the trial judge and counsel thought none would be awardable under this combination of outcomes (Jamison's counsel called the third section a "dogfall"). In fact, the only way in which the jury could have reached this no-damages result would be to have found beneficial costs due to Jamison under the termination *with* cause clause in an amount exactly offset by the damages owing to Westvaco on the counterclaim. But this would be a verdict *for* and not *against* the defendant on the counterclaim and thus would violate the third section's explicit conditions. Nor was it conceivable that the jury could have found no damages under both claims since Jamison had to recover at least some beneficial costs pursuant to the termination *with* cause clause.

■ We reiterate that the problem is not, as Jamison suggests, that of a party's failure to request a particular instruction or form of verdict. Rather, the problem is that under the instructions given in this case, the verdict is capable of comprehending any one of a number of theories of liability, including liability on the counterclaim. Given this ambiguity, we cannot discover the exact basis of the jury's excessive award and must therefore remand for a new trial as to all issues.

■ The decision as to the issues to be retried on remand remains largely within the discretion of the appellate court. *See* 6A Moore, Federal Practice ¶ 59.06 (2 ed. 1966). In exercising this discretion, we have been guided by the general rule that:

[in] limiting the retrial to a single issue where the other issues have previously been *properly submitted* and *determined* by a jury, the Court should proceed with caution, with a careful regard to the rights of both parties and only in those cases where it is plain that the error which has crept into one element of the verdict did not in any way affect the determination of any other issue [emphasis added.] *Thompson v. Camp*, 6 Cir. 1948, 167 F.2d 733, 734.

*See also Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931); *Ingalls v. Ingalls Works Co.*, 5 Cir. 1958, 258 F.2d 750, 754. Here the issues were not properly submitted to and determined by the jury. The jury's verdict was excessive; its basis hidden in the confusion and inconsistency of an imprecise charge and poorly structured verdict form. Contrary to Jamison's assertion, "the three forms of verdict" did not cover "the possible findings of the jury." As much as we would prefer to conserve judicial resources by ordering a limited remand, the murky instructions and clouded verdict preclude that course.[6] The Petition for Rehearing is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.

---

Moreover, the third section does not reflect the governing contractual clause, *see* 526 F.2d at 925–26 n. 1, or the trial court's earlier instructions. *See* 526 F.2d at 935 n. 27. The contract and the earlier instruction provided for counterclaim liability in Westvaco's favor if the termination was for cause. *See* note 3 *supra*. Yet the third section of the verdict sheet permits a finding of termination *with* cause without accompanying liability on the counterclaim.

The upshot of all of this is that the verdict sheet provided the jury with an option not only unsupportable under any reading of the case, but also at odds with an earlier part of the court's instruction. Furthermore, it failed to provide a precise manner in which the jury could select a plausible alternative with respect to which the judge had earlier given instructions. What choices the jurors actually made and how they reconciled the confusion and contradiction inherent in the instructions and accompanying verdict sheet are beyond our comprehension. We can confidently say only that the verdict was excessive and that a new trial is required as to all issues.

6. Jamison also challenges the Court's action in recognizing *sua sponte* an alternative ground of decision—the inadequacy of certain portions of the trial court's charge (not those discussed above). However, because we have already concluded that a retrial of all issues is required for the reasons stated in this opinion and in Part II of the original opinion, 526 F.2d at 927–32, we need not consider Jamison's additional argument.