**J. C. MOTOR LINES, INC.,**
**Plaintiff-Appellee,**

v.

**TRAILWAYS BUS SYSTEM, INC. and**
**Pat Carrigan Musick,**
**Defendants-Appellants.**

**No. 82–1177**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 21, 1982.
Rehearing Denied Nov. 10, 1982.

Charles B. Guy, Dallas, Tex., for defendants-appellants.

Byrd, Triggs, Mull & Leadford, C. Gary Triggs, Morganton, N. C., for plaintiff-appellee.

Before BROWN, GEE and JOLLY, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

In this action involving a collision between a truck owned by plaintiff, J. C. Motor Lines (J. C. Motor), and a bus owned by Trailways Bus System (Trailways), defendant objects to omissions and form of special interrogatories submitted to the jury. Because defendant raises these objections for the first time on appeal, the judgment below is affirmed.

### The Bus Stops Here

A bus, owned by Trailways and driven by Pat Carrigan Musick, was blazing a trail eastbound along Interstate Highway I–30

near Fort Worth, Texas, in heavy afternoon traffic. Because of the traffic, Musick caused the bus to slow down and stop. Musick had been driving for some time on the day of the accident and the rear of the bus had picked up dirt and dust. As a result, its rear lights were almost completely obscured.

Plaintiff's driver, Michael Hollifield, had been hot on the trail of Trailways' bus, following it for approximately one mile before the collision. When he was behind the bus by only seven or eight car lengths, Hollifield realized that the trail was getting a bit too hot and attempted to stop. He was unable to stop the truck in time and it struck the bus. Hollifield testified at trial that he never saw any brake lights.

J. C. Motor filed suit against Trailways and Musick alleging damage to its truck caused by the defendants' negligence. The case was submitted to the jury on special interrogatories (F.R.Civ.P. 49(a)). The jury found that Trailways' driving the vehicle with a dirty and concealed taillight was negligent and proximately caused the accident. The jury also found contributory negligence on the part of J. C. Motor. It attributed 50% fault to each party and awarded plaintiff $26,000 damages.

How they could rationally do so is obscure but both defendants filed motions for judgment on the verdict in their favor. With more basis, each also moved for j. n. o. v. The Trial Court denied all defendants' motions based on the jury's finding of negligence on the part of the driver, Pat Musick, and the finding that driving the vehicle with a dirty taillight was negligence proximately causing the accident. Trailways appeals.

### On the Trail of the Lonesome 49(a)

Trailways argues as its first basis for appeal that the judgment against it cannot stand in the absence of a judgment against its driver, Pat Musick. It bases its argument on the fact that no special issues on Musick's individual negligence or conduct were specifically submitted to the jury. Trailways contends that this failure amounts to a finding of no negligence on Musick's part and results in a judgment in his favor. On that basis, it argues that the judgment against Trailways, grounded on the doctrine of *respondeat superior,* cannot stand. This argument is premised on the idea that the failure to include an issue on negligence of the individual driver amounts to a judgment in its favor. We cannot agree.

In submitting the case to the jury on special interrogatories, the Court below proceeded under F.R.Civ.P. 49(a) which provides:

The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. *If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.* (emphasis added)

This Court has long extolled the use of special interrogatories under Rule 49(a).[1]

1. *Jones v. Miles,* 656 F.2d 103, 106 n.3 (5th Cir. 1981); *Guidry v. Kem Manufacturing Co.,* 598 F.2d 402, 403, 405-06 (5th Cir. 1979); *Nardone v. Reynolds,* 538 F.2d 1131, 1137 n.16 (5th Cir. 1976), *reh. denied,* 546 F.2d 906 (1977); *Jamison Co. v. Westvaco Corp.,* 526 F.2d 922, 934–

As it has done in the past, Rule 49(a) provides great assistance in this matter as well.

Under Rule 49(a), omissions by the Court of issues of fact may be cured in several ways. The first is when the party does not demand submission to the jury of the omitted issues before the jury retires. We find no request for submission of this issue made by either defendant. Trailways ignores this by contending that it was under no duty to request an issue on Musick's negligence and urges that this burden be placed on the plaintiff. We find no support for this position in Trailways' brief or in the relevant case authority. Under Rule 49(a), if a party fails to request a special issue, it waives jury trial on the issue. *Fredonia Broadcasting Corp. v. R. C. A. Corp.*, 481 F.2d 781, 796 (5th Cir. 1973); *John R. Lewis, Inc. v. Newman*, 446 F.2d 800, 804–05 (5th Cir. 1971); *Safeway Stores v. Dial*, 311 F.2d 595, 600 (5th Cir.), *reh. denied*, 314 F.2d 33 (5th Cir. 1963); *Simmons v. Union Terminal Co.*, 290 F.2d 453, 454 (5th Cir.), *cert. denied*, 368 U.S. 913, 82 S.Ct. 194, 7 L.Ed.2d 131 (1961); *Clegg v. Hardware Mutual Casualty Co.*, 264 F.2d 152, 158 (5th Cir. 1959).

■ Moreover, a party who makes no objection to the omission of a special verdict question cannot object for the first time on appeal.[2] *Fredonia*, 481 F.2d at 796; *John R. Lewis*, 446 F.2d at 805; *Delta Engineering Corp. v. Scott*, 322 F.2d 11, 17 (5th Cir.) *cert. denied*, 377 U.S. 905, 84 S.Ct. 1164, 12 L.Ed.2d 176 (1963); *L'Urbaine et la Seine v. Rodriguez*, 268 F.2d 1, 4 (5th Cir. 1959). Thus, because defendant failed to object to the omission of a special issue on Musick's individual conduct, it is deemed to have waived jury trial on the issue and cannot now object.

Though the preceding discussion alone is dispositive of the issue of Musick's negligence, Rule 49(a) provides additional support for this Court's decision. In the absence of a demand by the parties that an issue be submitted and such issue is omitted, Rule 49(a) allows the Court to make its own findings on the omitted issue. In this case, the Court below addressed this issue and found that Musick had been negligent. Since the jury determined that defendant Trailways had driven a vehicle with a dirty and concealed taillight, and the record revealed that Musick was the person driving the Trailways vehicle as an agent for Trailways acting within the scope of his employment, the Court held that the jury verdict supported a judgment against both Trailways and Musick.

■ Such findings are reviewable under the "clearly erroneous" standard of F.R. Civ.P. 52(a). *Murtagh v. University Computing Co.*, 490 F.2d 810, 817 (5th Cir.), *cert. denied*, 419 U.S. 835, 95 S.Ct. 62, 42 L.Ed.2d 62 (1974). Were it necessary for this Court to apply this standard of review, we would hold that the findings of the Court below were not clearly erroneous. The parties stipulated that Musick was an agent for Trailways acting within the scope of his employment at the time of the accident. Moreover, the Court below instructed the jury that a corporation can act only through a natural person. This instruction, combined with the jury findings that Trailways committed acts for which liability may be imposed, support a judgment against both Trailways and Musick.

■ Rule 49(a) provides a third means by which omissions in special interrogatories may be remedied. Even if both the party and the court are silent on an issue raised

35 (5th Cir.), *reh. denied*, 530 F.2d 34 (1976); *Kestenbaum v. Falstaff Brewing Corp.*, 514 F.2d 690, 693·94 (5th Cir. 1975), *cert. denied*, 424 U.S. 943, 96 S.Ct. 1412, 47 L.Ed.2d 349 (1976); *Simmons v. King*, 478 F.2d 857, 862 n.12 (5th Cir. 1973); *Burns v. Anchor-Wate Co.*, 469 F.2d 730, 734 n.8 (5th Cir. 1972). *In re Double D Dredging Co.*, 467 F.2d 468, 469 (5th Cir. 1972); *Bailey v. Kawasaki-Kisen, K. K.*, 455 F.2d 392, 394 (5th Cir. 1972). *See generally* Brown, *Federal Special Verdicts: The Doubt Eliminator*, 44 F.R.D. 338 (1967).

2. F.R.Civ.P. 51 also speaks to this issue. It provides in relevant part: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of the objection."

by the facts or by the evidence, findings on that issue are deemed to have been made which are in accord with the judgment rendered. *Ogden Food Service Corp. v. Mitchell,* 614 F.2d 1001, 1003 (5th Cir. 1980); *Murtagh,* 490 F.2d at 817; *Smallwood v. Pearl Brewing Co.,* 489 F.2d 579, 606 (5th Cir.), *cert. denied,* 419 U.S. 473, 95 S.Ct. 134, 42 L.Ed.2d 113 (1974); *Fredonia,* 481 F.2d at 796; *General Insurance Co. of America v. Fleeger,* 389 F.2d 159, 162–63 (5th Cir. 1968); *L'Urbaine,* 268 F.2d at 4. Thus, the mere fact that a special issue on Musick's individual conduct was omitted did not result in a judgment in his favor. His negligence may be inferred from the judgment entered. Judgment against Trailways, under the doctrine of *respondeat superior,* was proper.

### Stoplight v. Taillight: A Rose By Any Other Name

■■ In its second argument, defendant objects for the first time on appeal to the form of special issues submitted to the jury. It argues that because the Court below submitted special interrogatories referring to defendant's "taillights", which are used only at night, instead of its "stoplights", which indicate the use of brakes, the evidence will not support a finding of negligence, proximate causation or a judgment against the defendant. Defendant bases its argument on the assertion that it is plaintiff's obligation, as part of its general burden of proof, to frame correctly the special issues submitted to the jury. We do not agree. This Court has consistently held that a trial judge has considerable discretion to frame the issues involved in a case. *Dreiling v. General Electric Co.,* 511 F.2d 768, 774 (5th Cir. 1975); *Abernathy v. Southern Pacific Co.,* 426 F.2d 512, 514 (5th Cir. 1970); *Grey v. First National Bank of Dallas,* 393 F.2d 371, 385 (5th Cir.), *cert. denied,* 393 U.S. 961, 89 S.Ct. 398, 21 L.Ed.2d 374 (1968). On this basis, appellate review of the Trial Court's use of special interrogatories is confined to whether such use was an abuse of discretion. *Dreiling,* 511 F.2d at 774; *Abernathy,* 426 F.2d at 514. The Court, in *Dreiling,* outlines the standards to be applied in reviewing the Trial Court's use of special interrogatories:

> In prior cases we have emphasized several factors in determining the adequacy of forms of special interrogatories: (i) whether, when read as a whole and in conjunction with the general charge the interrogatories adequately presented the contested issues to the jury, (ii) whether the submission of the issues to the jury was 'fair', and (iii) whether the 'ultimate questions of fact' were clearly submitted to the jury. (citations omitted)

*Dreiling* at 774.

Balanced against these standards, we hold that the special interrogatories submitted here, when taken as a whole, were "fair" and adequate and we find no error in the Court's using the term "taillight" to connote "stoplight."

■ It should be pointed out, however, that this Court need never reach this issue. Though the Judge must frame the special issues submitted to the jury, he is entitled to the assistance of counsel for both parties. Defendant asserts that the obligation to object to the form of interrogatories was on the plaintiff only. Again, we find no support for this assertion in defendant's brief or in the relevant case authority. By failing to object, defendant denied the Court below an opportunity to more precisely frame the issues involved. For that reason, we have consistently held that a party who fails to object to the form of special interrogatories cannot complain for the first time on appeal. *Charles Stores, Inc. v. Aetna Insurance Co.,* 490 F.2d 64, 67–68 (5th Cir. 1974); *Nimnicht v. Dick Evans, Inc.,* 477 F.2d 133, 134 (5th Cir. 1973).

### Happy Trailways to You

■ As its final basis for appeal, defendant argues that the evidence is insufficient to support a finding of 50% negligence on the part of defendants. This argument is premised on Trailways' distinction between taillights and stoplights. This Court having disposed of that issue above, we hold that the evidence below was sufficient to sup-

port a jury finding of 50% negligence on the part of the defendants. *See Boeing Co. v. Shipman,* 411 F.2d 365 (5th Cir. 1969) (en banc). Judgment below was correct.

AFFIRMED.