**Manuel S. LATUSO, III, Plaintiff-Appellant,**

v.

**UNIROYAL, INC., Defendant-Appellee.**

No. 85–3415
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 3, 1986.

Gothard J. Reck, New Orleans, La., for plaintiff-appellant.

---

Montgomery, Barnett, Brown & Read, Wood Brown, III, New Orleans, La., for defendant-appellee.

Before CLARK, Chief Judge, and WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Manuel S. Latuso, III, injured his arm when a truck tire he was mounting exploded as he attempted to inflate it to full pressure. He brought suit against the tire's manufacturer, Uniroyal, Inc., alleging negligence in the manufacture of the tire, strict liability for defect in its design, composition or manufacture, and negligence in failing to warn of an unreasonable risk of harm inherent in the normal use of the tire.

Following presentation of plaintiff's case, Uniroyal moved for a directed verdict as to the entire case or, alternatively, as to negligent manufacture and failure to warn theories. The district court granted the motion only as to the negligence claim, leaving the failure to warn and strict liability claims in the suit. At the close of all the evidence, the jury found for Uniroyal on the strict liability issue, answering negatively a special interrogatory as to whether the tire was defective.[1]

Latuso appeals, arguing that the district court erred in directing a verdict on the negligence issue, and that the special interrogatories, which failed to include the issue of failure to warn, did not conform to the jury instructions. We reject these arguments, and affirm.

I

Louisiana law requires four elements to establish strict liability for manufacture of a defective product: 1) that the product was unreasonably dangerous for normal use; 2) that it was in normal use at the time of injury; 3) that it caused an injury; and 4) that the injury was reasonably foreseeable because of the product defect. *See Weber v. Fidelity & Casualty Insurance Co. of N.Y.*, 259 La. 599, 250 So.2d 754, 755–56 (1971). By contrast, Louisiana law of negligence in products liability cases requires that "the product create[ ] an unreasonable risk of injury, that the defendant knew or should have known of the risk, that the defendant failed to prevent or adequately warn of the risk, and that the product was a proximate cause of the plaintiff's injuries." *Walker v. Preformed Line Products Co.*, 600 F.Supp. 280, 288 (W.D. La.1984).

In comparing the standards for negligence and strict liability, the Louisiana Supreme Court has stated that "the test in strict liability cases, except for the element of the defendant's scienter, is virtually the same as that for negligence." *Kent v. Gulf States Utilities Co.*, 418 So.2d 493, 498 (La.1982). Since *Kent*, decisions in both the Louisiana and federal courts applying Louisiana law have agreed that the only difference between the two theories of liability is that negligence requires the additional element of knowledge by the defendant of the risk caused by a product defect. *See, e.g., Bridges v. Chemrex Specialty Coatings, Inc.*, 704 F.2d 175, 178 (5th Cir.1983); *Walker v. Preformed Line Products Co.*, 600 F.Supp. 280, 288 (W.D. La.1984); *F & S Offshore, Inc. v. Service Machine & Shipbuilding Corp.*, 430 So.2d 1167, 1171 (La.Ct.App.—1st Cir.1983).

In answer to special interrogatories, the jury here specifically found that the tire was not defective under the Louisiana standard for strict products liability. Because the only difference between this standard and that of negligence is that negligence requires the additional element of knowledge, *a fortiori* Latuso would not have

---

**1.** Interrogatory No. 1 stated: "Was the tire manufactured by defendant, Uniroyal Inc., defective when it left defendant's custody and control so as to be unreasonably dangerous to normal use?

Yes ___ No ___

If your answer is 'Yes,' proceed to Question No. 2.
If your answer is 'No,' your deliberations are finished."

prevailed on a negligence theory even had it been submitted to the jury. If the trial court erred in directing a verdict on the issue of negligence, the error was harmless. At any rate, Latuso presented no evidence of Uniroyal's knowledge of a manufacturing defect in its tire. The trial court properly granted a directed verdict on the issue of negligence in manufacture.

## II

In its charge, the district court instructed the jury concerning a manufacturer's duty to warn of an inherently dangerous feature in a product known to the manufacturer but not to end-users generally. However, the special interrogatories submitted to the jury did not address the issue of failure to warn. Latuso argues that this omission warrants a new trial.

As to special interrogatories, Fed.R. Civ.P. 49(a) provides: "[i]f ... the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury." Because Latuso did not object to the special interrogatories on the issue of failure to warn, he waived such objections.

Anticipating the problem of waiver, Latuso argues that he "implicitly" objected to the form of the interrogatories by objecting to the directed verdict motion at the close of his case. He asserts that when the trial court granted Uniroyal's motion for a directed verdict on the issue of negligence, the issue of negligent failure to warn was removed from the case, and an objection to the interrogatories for omitting the issue would have been an unnecessary reargument and restatement of the objection made to the directed verdict. We reject this argument.

Uniroyal's motion for a directed verdict was in reality three motions addressed respectively to the entire case, negligence, and failure to warn. Following strenuous objections by Latuso as to any dismissal of failure to warn claims from the case, the district court directed the verdict only on the issue of Uniroyal's negligence. That the parties and the court understood the directed verdict to include only negligent design and manufacture, and not negligent failure to warn, is evidenced by Latuso's subsequent trial conduct. Latuso concedes that he pursued his negligent failure to warn theory while cross-examining Uniroyal's expert witness, after the directed verdict ruling. In his closing argument, Latuso's counsel specifically stated that "[t]here is one other issue in this case, and that is, the failure to warn," and his argument thereafter went to both the inadequacy of the warning and Uniroyal's alleged knowledge of its inadequacy. The jury instructions, the cross-examination and Latuso's closing argument make clear that the claim for failure to warn was not dismissed from the case by the directed verdict; thus, Latuso's objections to the directed verdict did not preserve an objection to the form of the interrogatories.

Latuso's counsel, who himself moved for a directed verdict on the failure to warn issue after the jury instructions were read, did not bring the omission in the special interrogatories to the court's attention, thereby waiving jury trial on the omitted issue. *J.C. Motor Lines, Inc. v. Trailways Bus System, Inc.,* 689 F.2d 599, 602 (5th Cir.1982). Where an issue is so omitted and the court does not make its own finding, the court is "deemed to have made a finding in accord with the judgment on the special verdict." Fed.R.Civ.P. 49(a). The jury found no defect in the Uniroyal tire, and a finding that Uniroyal was not negligent for failure to warn is in accord with the judgment entered.

AFFIRMED.